UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division

UNITED STATES OF AMERICA,

    Plaintiff,

    - against -                                          Civil No. _____

3 Knife-Shaped Coins, 12 Other Chinese Coins, and
7 Cypriot Coins,

    Defendants.

------------------------------X

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action brought pursuant to the Convention on Cultural Property Implementation Act, 19 U.S.C. § 2601, et seq., and its implementing regulations, for the forfeiture of certain ancient coins.

## THE DEFENDANTS IN REM

2. The defendant property is a packet of ancient coins comprising 15 Chinese coins, three of which are knife-shaped, and 7 Cypriot coins.

3. The defendant property was imported into the United States on April 16, 2009, by the Ancient Coin Collectors Guild (ACCG), detained by Customs and Border Protection on

April 24, 2009, and seized on July 20, 2009. The property was detained and seized in Baltimore, MD and is presently located in Baltimore, MD.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 19 U.S.C. § 2609.

5. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing of this complaint, the plaintiff requests that the Clerk issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. 19 U.S.C. § 2601 defines the following terms, as they are used in the Convention on Cultural Property Implementation Act:

- Sections 2601(5) and (9) define "State Party" to mean a country that is a Party to the 1970 UNESCO Convention on the Means of Prohibiting and Preventing the Illicit Import, Export and Transfer of Ownership of Cultural Property ("the UNESCO Convention").

- Section 2601(2) defines "archaeological . . . material," *inter alia,* as any object of archaeological . . . interest which was first discovered within, and is subject to export

2

control by, the State Party," and is "of cultural significance, is at least 250 years old, and was discovered as a result of scientific excavation, clandestine or accidental digging, or exploration on land or under water."

8. China and Cyprus are Parties to the UNESCO Convention. See 19 C.F.R. § 12.104b. Consistent with Article 9 of the Convention on Cultural Property and the procedures of the CPIA, including Section 2602, the United States and Cyprus signed an agreement to protect Cypriot cultural heritage in 2002 (67 Fed. Reg. 47,447, July 19, 2002). In 2006, the two countries amended the agreement (71 Fed. Reg. 51,724, Aug. 31, 2006), extended it in 2007 (72 Fed. Reg. 38,470, July 13, 2007), extended it again in 2012, after the events giving rise to this action (77 Fed. Reg. 41,266, July 13, 2012). In January 2009, China and the United States signed a similar agreement to protect Chinese cultural heritage. (74 Fed. Reg. 2,838, January 16, 2009.)

9. The defendant property constitutes archaeological material as defined in Section 2601(2), and is described by the lists of designated materials subject to the terms of the agreements with both countries. (72 Fed. Reg. 38,470, July 13, 2007, and 74 Fed. Reg. 2,838, January 16, 2009).

10. 19 U.S.C. § 2609(a) provides for the forfeiture of "any designated archaeological . . . material . . . which is imported into the United States in violation of [19 U.S.C. § 2606]."

11. 19 U.S.C. § 2606(b) provides that the consignee of designated archaeological or ethnological material that is imported into the United States must, within 90 days of the date when such material is detained by a customs officer, present 1) a certificate or other documentation of a State Party certifying that the exportation of the material was not in

violation of the laws of the State Party; or 2) satisfactory evidence that such material was exported from the State Party on or before the date when such material was designated under Section 2604.

12. 19 U.S.C. §§ 2604 and 2610 provide that in any forfeiture action brought by the United States pursuant to section 2609 based on a violation of Section 2606, the Government must establish that the defendant property has been listed as property covered by the import restrictions in Section 2606.

13. The defendant property comprises archaeological material of China and Cyprus that is listed in 19 C.F.R. § 12.104g as property subject to such import restrictions, and has been so listed since January 16, 2009, and July 13, 2007, respectively.

14. The defendant property was imported into the United States after the dates on which such archaeological material was listed in 19 C.F.R. § 12.104g.

15. 19 C.F.R. § 12.104a(b) provides as follows:

No archaeological or ethnological material designated pursuant to 19 U.S.C. 2604 and listed in § 12.104g, that is exported (whether or not such exportation is to the U.S.) from the State Party after the designation of such material under 19 U.S.C. 2604 may be imported into the U.S. unless the State Party issues a certificate or other documentation which certifies that such exportation was not in violation of the laws of the State Party.

16. Neither China nor Cyprus has issued a certificate or other documentation certifying that the exportation of the defendant property was not in violation of their laws.

17. In this action, the United States alleges that the defendant property is subject to forfeiture pursuant to 19 U.S.C. § 2609 because it was imported in violation of 19 U.S.C. § 2606 and 19 C.F.R. § 12.104a(b), in that the defendant property comprises archaeological material of China and Cyprus that is listed in 19 C.F.R. § 12.104g, and was imported into the United States by the Ancient Coin Collectors Guild which failed to present the documentation required by Section 2606(b) within 90 days of the detention of such property by a customs officer.

## FACTS

18. On April 16, 2009, Customs and Border Protection (CBP) officers at Baltimore-Washington International Airport (BWI) interdicted the defendant property when it arrived from London on British Airways flight 229/16.

19. The invoice found with the defendant property indicated that the coins were from China and Cyprus, that they variously dated from 400 B.C. to 220 AD, that they had "no recorded provenance," and that the "find spot" for each coin was "unknown."

20. CBP detained the defendant property and asked the ACCG whether it had any documentation to establish the existence of a regulatory exception under 19 U.S.C. § 2606.

21. By letter dated May 27, 2009, ACCG stated that it was "unable to provide the requested certification or evidence."

22. CBP seized the defendant property on July 20, 2009, and sent notice of the seizure to ACCG on August 26, 2009.

23. ACCG advised CBP of its intent to contest the forfeiture of the defendant property on September 8, 2009.

24. On February 11, 2010, ACCG filed an action against CBP styled *Ancient Coin Collectors Guild v. U.S. Customs and Border Protection*, No. CCB-10-322, contesting the validity of the statutes and regulations giving rise to the forfeiture of the defendant property. The district court granted the Government's motion to dismiss that action on August 8, 2011. *See Ancient Coin Collectors Guild v. U.S. Customs and Border Protection*, 801 F. Supp. 2d 383 (D. Md. 2011).

25. By written agreement between ACCG and the Office of the United States Attorney dated August 16, 2011, the time for filing a complaint for forfeiture *in rem* against the defendant property was tolled for the time necessary to resolve ACCG's appeal, including any petition for *certiorari* filed with the Supreme Court.

26. The Court of Appeals for the Fourth Circuit affirmed the action of the district court on October 22, 2012, and the Supreme Court denied *certiorari* on March 25, 2013. *Ancient Coin Collectors Guild v. U.S. Customs and Border Protection*, 698 F.3d 171 (4th Cir. 2012), *cert. denied*, 2013 WL 528580 (U.S. March 25, 2013).

WHEREFORE, the plaintiff prays that all persons who reasonably appear to be potential claimants with interests in the defendant property be cited to appear herein and answer the complaint; that the defendant property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States Marshal dispose of the

defendant property according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Dated: April 22, 2013

                                Respectfully submitted,

                                Rod J. Rosenstein
                                UNITED STATES ATTORNEY
                                District of Maryland

By: _____
                                Stefan D. Cassella
                                Assistant U.S. Attorney
                                36 South Charles Street
                                Fourth Floor
                                Baltimore, MD 21201
                                410 209-4986

## VERIFICATION

I, **BRIAN J. HALL** and declare under penalty of perjury as provided by 28 U.S.C. § 1746, that everything contained in the foregoing Complaint for Forfeiture *in rem* is true and correct to the best of my knowledge and belief.

_____ 4/18/13
Brian Hall