IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CIVIL NO. CCB-13-1183 |
| | : | |
| 3 KNIFE-SHAPED COINS, ET AL. | : | |

...o0o...

**MEMORANDUM**

From a review of the pending motion to strike the Amended Answer, and related filings, it is abundantly clear that the claimant, Ancient Coin Collectors Guild ("the Guild") seeks to expand the scope of this forfeiture action well beyond the limits set by the Fourth Circuit in its controlling opinion, *Ancient Coin Collectors Guild v. U.S. Customs and Border Protection*, 698 F.3d 171 (4th Cir. 2012). The Fourth Circuit's opinion forecloses any further challenge to the validity of the regulations. As the Circuit explained in discussing the anticipated forfeiture action:

> Under the CPIA, the government bears the initial burden in forfeiture of establishing that the coins have been "listed in accordance with section 2604," 19 U.S.C. § 2610, which is to say that they have been listed "by type or other appropriate classification" in a manner that gives "fair notice . . . to importers," *id.* § 2604. If the government meets its burden, the Guild must then demonstrate that its coins are not subject to forfeiture in order to prevail. *See id.* § 1615.

*Ancient Coin Collectors*, 698 F.3d at 185. Further, the court explained that:

> Here, CBP has listed the Chinese and Cypriot coins by type, in accordance with 19 U.S.C. U.S.C. § 2604, and CBP has detained them, in accordance with 19 U.S.C. § 2606. The detention was lawful as an initial matter, and the Guild had an opportunity at the time of detention to present evidence that the coins were subject to one of the CPIA exemptions.

*Id.* at 183. The burden is on the importer to show that:

>the article in question was either (1) lawfully exported from its respective state while CPIA restrictions were in effect; (2) exported from its respective state more than ten years before it arrived in the United States; or (3) exported from its respective state before CPIA restrictions went into effect.

*Id.*

As the government notes in its motion to strike the initial answer, much of the answer and most if not all of the affirmative defenses seek to relitigate issues concerning the validity of the regulations and the government's decision to impose import restrictions on certain Cypriot and Chinese coins. For example, in its Surreply opposing the motion to strike, the Guild suggests that the government will be required to establish that the coins were "first discovered within" and "subject to the export control" of either Cyprus or China. (Surreply, ECF No. 18, at 1-2.) The Guild is not correct. This argument also is foreclosed by the Fourth Circuit's opinion. *Ancient Coin Collectors*, 698 F.3d at 181-82.

Accordingly, while the Amended Answer is accepted for filing, the government's motion to strike will be construed as directed at the Amended Answer and will be granted. The parties will be provided time to file proposed discovery and motions schedules consistent with the limited issues to be resolved.

A separate Order follows.


June 3, 2014                                              /s/
Date                                                Catherine C. Blake
                                                    United States District Judge