IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CIVIL NO. CCB-13-1183 |
| | : | |
| 3 KNIFE-SHAPED COINS, ET AL. | : | |

...o0o...

# MEMORANDUM and ORDER

Several motions are pending in this case. Oral argument was heard on February 5, 2016. From reviewing the motions and considering the arguments of counsel, I have concluded that the Ancient Coin Collector's Guild ("the Guild") seeks discovery not relevant to the issues the court will have to decide in this forfeiture action. In particular, the evidence sought from State Department officials is not so much factual as legal: the Guild apparently will seek to prove that the export of these coins from Cyprus or China to England was lawful under EU law. It is unlikely that the export control status of the coins under foreign law will be a proper defense in this forfeiture action. Even if it is, the Guild has not shown why State Department officials need be deposed in order for the Guild to make its argument.

Further, to the extent the Guild argues that the government must prove "first discovery," beyond demonstrating that the coins at issue appear on the designated list, that argument is foreclosed by the CPIA and the Fourth Circuit opinion in *Ancient Coin Collectors Guild v. U.S. Customs and Border Protection*, 698 F.3d 171 (4th Cir. 2012). Listing by type and category is proper under the CPIA. While that does not foreclose the Guild from offering evidence to prove that these specific coins were exported from their respective States before CPIA restrictions went into effect, and I am not at this point ruling that expert testimony can have no role in that

determination, this does not entitle the Guild to general discovery from the government about the circulation of Cypriot and Chinese coins.

My rulings on the pending motions follow.

1. The government's motion to strike the second amended answer (ECF No. 49) is **Denied without prejudice**. While there appear to be valid challenges to portions of the Answer, striking it and requiring the Guild to file yet another Answer would simply cause further delay.

2. The government's motion for protective order (ECF No. 48) is **Granted** as to the depositions of State Department employees Andrew Cohen and Maria Kouroupas, who do not appear to have relevant personal knowledge. The 30(b)(6) deposition is limited to topics 1, 2, and 8. The request for video depositions appears moot.

3. The Guild's motion to test the sufficiency of the government's objections to requests for admission (ECF NO. 45) is **Denied**.

4. The Guild's motion to compel responses to interrogatories and document requests (ECF No. 51) is **Denied**; and

5. Counsel shall confer and provide a proposed schedule by **February 22, 2016** for completion of other discovery and filing of dispositive motions.

**SO ORDERED** this 11th day of February, 2016.

/S/
Catherine C. Blake
United States District Judge